UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE E. BOYD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:16CV02148 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Willie E. Boyd's Motion to Vacate [ECF No. 1].

## I. BACKGROUND

On August 7, 1997, Petitioner Willie E. Boyd ("Petitioner") was indicted for various federal offenses, and on December 4, 1997, a superseding indictment was filed against Petitioner for the federal offenses of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C), two counts of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(e), two counts of false representation of a social security number in violation of 42 U.S.C. § 408(a)(7), and three counts of structuring transactions to evade reporting requirements in violation of 31 U.S.C. 5313, 5324(a)(2) and 5324(a)(2). On April 16, 1998, Judge Stephen N. Limbaugh found Petitioner guilty on all counts.

To determine Petitioner's sentence, the Court used the 1995 Guidelines Manual and calculated Petitioner's base offense level under § 2K2.1(a)(4)(A) at 20. He received a one-level increase pursuant to 2K2.1(b)(1)(A), because his offense involved at least three firearms, and a two-level increase for obstruction of justice, because he provided materially false information to

1

a law enforcement officer. His total offense level was 23, which was increased to 24 when he was found to be an armed career criminal on the basis of his prior convictions which included: Missouri robbery first degree by means of a dangerous and deadly weapon, Missouri burglary second degree, and possession with intent to distribute cocaine and heroin. His criminal history category was V, but increased to VI because he was determined to be an armed career criminal and he used and possessed a firearm in connection with a controlled substance offense. The guideline range was 262 to 327 months. On October 2, 1998, Petitioner was sentenced to 276 months imprisonment and a six-year term of supervised release.

After the United States Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2251 (2015), Petitioner filed the present *pro se* motion to correct his sentence asserting he is no longer an armed career criminal in light of the Supreme Court's decision in *Johnson*.

## II.     ANALYSIS

In *Johnson*, the Supreme Court determined the residual clause in the definition of "violent felony" in the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. 135 S. Ct. 2551. Subsequently, in *United States v. Welch*, the Supreme Court ruled *Johnson* was a new substantive rule, retroactive on collateral review. 136 S. Ct. 1257 (2016). Thus, defendants, who were determined to be armed career criminals under the residual clause of the ACCA, may seek collateral review of their sentences within one year of the Supreme Court's *Johnson* decision. Petitioner filed his motion within the one-year time limit and received permission from the Eighth Circuit Court of Appeals to file a successive habeas motion.

Petitioner asserts he is no longer an armed career criminal because his prior convictions for robbery in the first degree and burglary in the second degree no longer qualify as predicate offenses under the ACCA. The Government argues Petitioner cannot file a second or successive

habeas claim because *Descamps* and *Mathis*, the bases of his claim, are not retroactive. Further, the Government contends even if he was eligible, his burglary and robbery convictions qualify as violent felonies. The parties agree Petitioner's prior conviction for possession with intent to distribute cocaine and heroin is a qualifying drug offense under the ACCA.

  A. *Requirements of 28 U.S.C. §§ 2244 and 2255(h)(2)*

Section 2244(b)(4) of Title 28 states a "district court shall dismiss any claim presented in a second or successive application that the court of appeal has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." Section 2255(h)(2) requires a second or successive habeas motion to contain a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

The Government argues Petitioner does not present a cognizable claim because it is not based on a new rule of constitutional law. The Government contends Petitioner's claims are rooted in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), rather than *Johnson v. United States*, 135 S. Ct. 2551 (2015), which are not new rules of constitutional law and cannot provide retroactive relief.

The Court finds it is through *Johnson* that Petitioner seeks relief, not *Descamps* and *Mathis*. *Johnson* provides movant with an avenue of relief not previously available to him, his motion utilizes that decision and therefore, relies on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). The *Johnson* decision opens the door for Petitioner to file his successive habeas motion. The Court rejects the Government's argument on this issue.

  B. *Robbery in the First Degree*

Petitioner argues his 1967 conviction for robbery in the first degree by means of a dangerous and deadly weapon, under Missouri Revised Statute § 560.120, does not qualify as a predicate offense because this statute does not meet the elements of the force clause in the ACCA.

The ACCA defines "violent felony" as:

> . . . any crime punishable by imprisonment for a term exceeding one year, . . . that (i) has an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary, arson, extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . .

18 U.S.C. § 924(e)(2)(B).

In Missouri, in 1967, the year of Petitioner's conviction, robbery in the first degree occurred when:

> . . . taking the property of another from his person, or in his presence, and against his will, by violence to his person, or by putting him in fear of some immediate injury to his person . . .

Mo. Rev. Stat. § 560.120 (1969). In *United States v. Kirkland*, the Eighth Circuit determined the 1974 version of this statute, with the same exact wording as the version at issue here, contained as an element the "use, attempted use, or threatened use of physical force against the person of another." 450 F.3d 804, 807 (8th Cir. 2006). Therefore, Petitioner's prior conviction for robbery in the first degree qualifies as a predicate offense under the ACCA.

  C. *Burglary in the Second Degree*

In his motion, Petitioner also asserts he does not qualify as an armed career criminal, because his prior conviction for burglary in the second degree no longer qualifies as a predicate offense. The Government argues his conviction remains a predicate offense pursuant to the Eighth Circuit's decision in *United States v. Sykes*, 844 F.3d 712 (8th Cir. 2016).

The Government asserts the charging document tracks the language of Missouri Revised Statute § 560.045 (1969).[1] However, at sentencing, the Government relied on Missouri Revised Statute § 560.070 (1969)[2] in support of its argument Petitioner had a predicate offense of second degree burglary to satisfy its burden to show Petitioner qualified as an armed career criminal. When he was originally sentenced, Judge Limbaugh analyzed Missouri Revised Statute § 560.070. Since the Government relied on § 560.070 at sentencing and Judge Limbaugh analyzed § 560.070, it would be inappropriate to compare a statute not cited in the charging document and not relied on by the Government at the time of sentencing to support its argument Petitioner had a predicate second degree burglary conviction. Judge Limbaugh not only did not reference another statute, but specifically referenced § 560.070.

Neither the charging document nor the judgment for Petitioner's conviction lists a statute; they both simply state burglary second degree. The charging document states:

> That Billy Maurice Jackson and Willie Edward Boyd alias Willie Edward Osborne at the City of St. Louis, State of Missouri, on the 16th day of September 1971 did feloniously and burglariously, forcibly break and enter dwelling house and building located at 5501 Lindell Blvd., the property of Julie Miller with the felonious and burglarious intent to steal, take and carry away certain goods, wares, merchandise or personal property of the aforesaid Julie Miller then and there kept or deposited in said building.

Missouri Revised Statute § 560.070 (1969) states:

> Every person who shall be convicted of breaking and entering any building, . . . or any booth or tent, or any boat or vessel, or railroad car in which there shall be at the time any human being or any goods wares, merchandise or other valuable thing kept or deposited, with the intent to steal or commit any crime therein, shall, on conviction, be adjudged guilty of burglary in the second degree.

---

[1] Missouri Revised Statute § 560.045 (1969) states: "Every person who is convicted of breaking into a dwelling house, with intent to commit a felony or to steal, but under such circumstances as do not constitute the offense of burglary in the first degree, shall be deemed guilty of burglary in the second degree."

[2] For the remainder of the opinion, when the Court references § 560.070, it refers to the 1969 version of the statute unless stated otherwise.

Petitioner's charging document states he did "forcibly break and enter dwelling house and building . . ." Accordingly, Petitioner's charging documents and judgment do not resolve the issue.

Because, at his sentencing, the Government presented § 560.070 in support of its argument Petitioner was an armed career criminal, and the underlying documents do not clearly indicate Petitioner was convicted under § 560.045, the Court will analyze Petitioner's conviction under § 560.070, as Judge Limbaugh Sr. did at the original sentencing when Petitioner was found to be an armed career criminal. The Court must now determine whether Missouri's statute for burglary in the second degree, § 560.070 qualifies to allow Petitioner's prior conviction to be a predicate felony under the enumerated clause of the ACCA.

In *Mathis*, Justice Kagan stated, "[t]o determine whether a past conviction qualifies [under the ACCA], courts compare the elements of the crime of conviction with the elements of the 'generic' version of the listed offense –i.e. the offense most commonly understood." 136 S. Ct. 2243, 2248 (2016). Citing *Taylor v. United States*, 494 U.S. 575 (1990), Justice Kagan recognized Congress referred only to their usual generic versions and not all variants of the offenses in the ACCA. *Mathis*, 136 S.Ct. at 2248. Pertaining to burglary, she wrote, "Congress meant a crime 'contain[ing] the following elements: an unlawful or unprivileged entry into . . . a building or other structure with intent to commit a crime.'" *Id*. She notes, "'[e]lements' are the 'constituent parts' of a crime's legal definition – the things the prosecution must prove to sustain a conviction . . . they are what the jury must find beyond a reasonable doubt to convict a defendant." *Id.* (internal citations omitted). She continues, "[a] crime counts as 'burglary' under the Act if its *elements* are the same as, or narrower than, those of the generic offense. But if the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA

'burglary' – even if the defendant's actual conduct (*i.e.*, the facts of the crime) fits within the generic offense's boundaries." *Id*.

For statutes with a complicated structure, the comparison of elements is more difficult because the statute may list elements in the alternative, defining multiple crimes. *Id*. at 2249. This is often described as a divisible statute. Until the Supreme Court decided *Mathis v. United States*, there was a split between Circuit Courts in determining when a statute is divisible under the ACCA.[3] In *Mathis*, the Supreme Court held a statute is only divisible when it lists alternative elements defining multiple separate crimes. 136 S. Ct. at 2253. When a statute is divisible, a court applies the modified categorical approach to determine "what crime, with what elements" for which a defendant was convicted. *Id*.

The statute before this Court is clearly broader than the generic version of burglary outlined in *Mathis*, because it includes more than just breaking and entering a building or structure to commit a crime. Justice Kagan was presented with an almost identical situation when she analyzed the Iowa statute where she found "the elements of Iowa's burglary law are broader than those of a generic burglary." That Iowa statute, I.C.A. § 702.12, defined an occupied structure as "any building, structure, appurtenances to buildings and structures, land, water or air vehicle, or similar place adapted for overnight accommodation of purposes, or occupied by persons for the purpose of carrying on business or other activity therein, or for the storage or safekeeping of anything of value." Therefore, the Missouri statute, which includes "any building, . . . or any booth or tent, or any boat or vessel, or railroad car in which there shall be at the time

---

[3] "The concept of divisibility is an outgrowth of the categorical approach that governs the crime of violence determinations under the United States Sentencing Guidelines." *United States v. Edwards*, -- F.3d --, 2016 WL 4698952 (7th Cir. 2016) (citing *Mathis*, 136 S. Ct. at 2248-49). "The comparison of elements that the categorical approach requires is straightforward when a statute sets out a single (or 'indivisible') set of elements to define a single crime." *Mathis*, 136 S. Ct. at 2248.

7

any human being or any goods wares, merchandise or other valuable thing kept or deposited" is also more broad than the generic version of burglary. Thus, the Court must determine if the statute lists alternative elements or means.

To determine whether a statute lists alternative means or elements, the Supreme Court stated a district court should first look to state court decisions to see if a state court has definitively answered the question. *Mathis*, 136 S. Ct. at 2256. If there is no such opinion, the district court should then see if the issue can be resolved by the statute on its face. *Id*. If the alternatives in the statute carry different punishments, then they must be elements. *Id*. If neither of these provides an answer, the district court may look at the record of the prior conviction. *Id*. If it cannot be determined from looking at these three sources, then the statute is not divisible, and the modified categorical approach is not applicable.

A review of the case law in Missouri shows Missouri has not definitively answered the question as to whether the 1969 statute includes elements or means and it does not lead to a conclusion the additional terms are means or elements.

When reviewing the 1969 statute on its face, "building, . . . booth or tent, or any boat or vessel, or railroad car" are obviously means not elements, making the statute indivisible. No separate punishment is stated in the statute for entering a booth or tent, or any boat or vessel, or any railroad car. This suggests booth, tent, boat, vessel, and railroad car are means to satisfy the element of a building. The statute "itemize[s] the various places that crime could occur as disjunctive factual scenarios rather than separate elements." *Mathis*, 136 S. Ct. at 2249. Regarding the second degree burglary statute in Iowa, the Supreme Court concluded "the statute defines one crime, with one set of elements, broader than generic burglary – while specifying multiple means of fulfilling its locational element, some but not all of which . . . satisfy the

generic definition." *Id*. at 2250. Applying the rules established in *Mathis*, the Court concludes, on its face, the 1969 statute for second degree burglary in Missouri is indivisible because it lists alternative means, not elements.

There are two Eighth Circuit decisions which hold a conviction under § 560.070 is a predicate offense because the "statute incorporated the elements necessary to satisfy the generic contemporary meaning of burglary." *See United States v. Croft*, 908 F.2d 384, 385 (8th Cir. 1990); *United States v. Taylor*, 932 F.2d 703 (8th Cir. 1991). However, it is clear from a close reading of these decisions the Eighth Circuit did not analyze these statutes in the manner now required under *Mathis*. Instead, the Eighth Circuit looked only to whether the generic elements of burglary were included in the statute, and if the defendants' informations charged them with the generic elements. They did not analyze whether the statute was broader than the generic definition of burglary, or whether the additional terms were elements or means. Therefore, the Court does not find these cases to be applicable in this case.

The Eighth Circuit recently decided *United States v. Sykes*, 844 F.3d 712 (8th Cir. 2016), holding Missouri's current statute for burglary in the second degree is divisible, because the listed terms are separate elements, not means. The Court does not believe this case is applicable because the current statute is significantly different from § 560.070.[4] The terms and construction of § 569.170, the statute considered in *Sykes*, and § 560.070, the 1969 statute considered here, are quite different. Therefore, the Court will not apply the holding of *Sykes* to this matter.

Because the Court finds Missouri Revised Statute § 560.070 is indivisible and broader than the generic version of burglary under the principles outlined in *Mathis*, Petitioner's

---

[4] Missouri's current statute for burglary in the second degree states: "A person commits the offense of burglary in the second degree when he or she knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein." Mo. Rev. Stat. § 569.170.

conviction for burglary in the second degree does not qualify as a predicate offense under the ACCA and Petitioner is no longer considered an armed career criminal.[5] The Court will grant his Motion to Vacate.

## III. OTHER PENDING MOTIONS

Petitioner has two additional pending motions: (1) Petitioner's Renewed Motion Waiving Resentencing Hearing, for Teleconference Hearing, if Necessary [ECF No. 22] and (2) Petitioner's Motion Request to Expedite the Proceedings, Pursuant to Title 28 U.S.C. § 1657, for Possible Immediate Release [ECF No. 26]. The Court will address any issues regarding Petitioner's resentencing in Petitioner's criminal case, 4:97CR301 ERW, after judgment in this case is final and the appeals process is completed, if either party chooses to appeal. Petitioner's Motion to Expedite the Proceedings is denied as moot, due to the Court's decision to grant Petitioner's Motion to Vacate.

---

[5] In *Brown v. United States*, the Western District of Missouri determined § 569.070 was divisible and the defendant's conviction for burglary in the second degree was a predicate offense under the ACCA. No. 16-03187-CV-S-ODS, 2017 WL 706625 (W.D. Mo. Feb. 22, 2017). This Court respectfully disagrees.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Willie E. Boyd's Motion to Vacate [ECF No. 1] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Renewed Motion Waiving Resentencing Hearing, for Teleconference Hearing, if Necessary [ECF No. 22] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion Request to Expedite the Proceedings, Pursuant to Title 28 U.S.C. § 1657, for Possible Immediate Release [ECF No. 26] is **DENIED**, as moot.

Any additional orders as to Petitioner's resentencing will be issued in his criminal case, 4:97CR00301 ERW.

So Ordered this 25th day of August, 2017.

*E. Richard Webber*

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**